UNITED STATES  DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASON MEVORAH,

                  Plaintiff,

    v.

WELLS FARGO HOME MORTGAGE, INC.,
a division of WELLS FARGO BANK,
NATIONAL ASSOCIATION, and DOES 1
through 50, inclusive,

                  Defendants.

_____/

No. C 05-1175 MHP

**MEMORANDUM & ORDER**
**Re: Request for Leave to File Motion for**
**Reconsideration**

Plaintiff Jason Mevorah has brought the present action on behalf of all persons employed by

defendant Wells Fargo Home Mortgage, Inc. as home mortgage consultants ("HMCs"), HMC

trainees, and any similar positions responsible for originating home mortgage or personal loans to

consumers within California.  On September 28, 2005, plaintiff filed a motion to correct certain

alleged representations that defendant has made to putative class members.  Specifically, plaintiff

alleged that defendant, through counsel, has contacted members of the potential class and has made

false and misleading statements regarding this action and its potential impact.  Plaintiff further

alleged that defendant has asked members of the potential class to sign declarations regarding the

nature of their duties as HMCs and their compensation preferences, and that these declarations as

drafted by defendant are inaccurate and omit critical facts.  On November 7, 2005, the court heard

arguments on plaintiff's motion.  The court subsequently issued an order limiting future

communication between the parties and putative class members, permitting plaintiff to depose those

1  HMCs already interviewed, requiring that a jointly approved notice of the lawsuit be given to

2  putative class members, and requiring that the parties create a joint questionnaire for distribution to

3  the putative class.  Mevorah v. Wells Fargo Home Mortgage, Inc., No. 05-CV-01175-MHP, slip op.

4  at 8–9 (N.D. Cal. Nov. 17, 2005).

5  Defendant now seeks leave to file a motion for reconsideration of this court's ruling on

6  plaintiff's motion to correct.  In support of its request for leave, defendant argues that it was not

7  afforded an opportunity to respond to an argument advanced by plaintiff in his reply brief for the

8  motion to correct—that defendant's attorneys violated California Rule of Professional Conduct 3-

9  600 by contacting defendant's employees without adequately explaining the potential conflict of

10  interest between those employees and defendant.  Defendant contends that, given the opportunity to

11  brief or otherwise argue the Rule 3-600(D) issue, it could have "demonstrated that, based on every

12  treatise that has ever addressed the subject, and in accordance with all pertinent case law in

13  California on the subject, Wells Fargo acted in conformity with Rule 3-600(D) when it interviewed

14  and/or obtained declarations from the putative class members."  Motion at 1.

15  As an initial matter, although Rule 3-600(D) was not expressly discussed at oral argument,

16  the dialogue between the court and the parties concerned precisely the same conflict—between

17  employer and employee interests—that Rule 3-600(D) is intended to prevent.  More importantly,

18  Rule 3-600(D) is not the analytical lynchpin of the court's ruling, which is based on the totality of

19  the coercive circumstances surrounding the employee interviews:  the employer-employee

20  relationship, the statements allegedly made about the potential impact of the lawsuit on the HMCs'

21  method of compensation, and the fact that the HMCs were asked to sign written declarations.

22  Indeed, the court assumed for the sake of oral argument that defendant's attorneys may have

23  explained the potential conflict to the employees: "I think, most people would be concerned about

24  not giving, about saying, no, I don't want to answer your questions because I understand I'm a

25  member of the class, a class, and I may be in an adverse position to you *or maybe the attorney has*

26  *even said that*, but nonetheless they may not realize the full parameters or consequences of the

27  talking with the company's attorney."  Declaration of Richard H. Rahm Authenticating Transcript of

28

2

1   Hearing in Support of Wells Fargo's Motion for Leave to File Motion for Reconsideration, Exh. A,

2   at 10:4–10 (emphasis added).  Briefing submitted by defendant on whether its attorneys complied

3   with the formal requirements of Rule 3-600 will not affect the resolution of plaintiff's motion.

4

5   CONCLUSION

6        For the reasons stated above, defendant's request for leave to file a motion for

7   reconsideration is DENIED.

8

9

10   IT IS SO ORDERED

11

12   Date:     12/21/2005

                    _____

13                   MARILYN HALL PATEL
                District Judge

14                   United States District Court
                Northern District of California

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

3